Ernest C. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 6270-66.
United States Tax Court
T.C. Memo 1968-10; 1968 Tax Ct. Memo LEXIS 288; 27 T.C.M. (CCH) 42; T.C.M. (RIA) 68010; January 17, 1968, Filed Ernest C. Miller, pro se, 150 W. End Ave., New York, N. Y. Robert M. Pearl, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined an income tax deficiency against petitioner for the year 1964 in the amount of $378. The only issue for decision is whether petitioner furnished in 1964 more than one-half of the support of his three children so that he is entitled to dependency exemptions for them in that year. Findings of Fact Some of the *289 facts have been stipulated by the parties and are so found. Ernest C. Miller (herein called petitioner) was a legal resident of New York, New York, at the time he filed his petition in this proceeding. He filed his individual Federal income tax return for the year 1964 with the district director of internal revenue at Brooklyn, New York. Petitioner was divorced from his former wife, Edith P. Miller (herein called Edith), on October 4, 1963. They have three children: Laura Lee Miller, born November 16, 1951; Marcy Rogers Miller, born August 1, 1954; and Ernest Charles Miller, Jr., born August 25, 1959. Edith was remarried to John F. Higgins on December 11, 1964. Subject to petitioner's visitation rights, custody of the three children was awarded to Edith under the terms of the divorce decree. During the entire calendar year 1964 the children lived with Edith at 19 Webb Road in Westport, Connecticut. This is a one family residence which, furnished, had a fair rental value of $450 per month. No one else lived in the house during that year except for a short period in December after Edith's marriage to Higgins. With respect to the house, the separation agreement provided as follows: *290 FOURTH: The Husband and Wife agree that they shall continue as joint owners in survivorship of the residence at 19 Webb Road, Westport, Connecticut, except that the Wife shall have the exclusive right to live in and use the premises as her residence and the residence of the children and shall pay all charges incident to the ownership of the premises such as mortgage payments, taxes, insurance, maintenance, etc. and all such expenses in connection therewith, and the Husband shall not reside in, enter upon, or use said premises in any way except for the visitation purposes provided for in this Agreement, subject however to the right of the Wife to purchase the Husband's interest in the premises for $8,350.00, * * * During 1964, Edith received personal checks in the amount of $4,292.10 from petitioner. Of this amount, $370 was alimony and the remainder was child support to be divided equally among the three children. 43 Petitioner paid $25 to Faith N. Ogden, M. D., by personal check dated December 28, 1964, for professional services rendered on behalf of Ernest Charles Miller, Jr. Likewise, by a personal check dated June 1, 1964, petitioner paid $16 for professional services *291 rendered by Robert D. Ring, a dentist, on behalf of Ernest Charles Miller, Jr. Petitioner paid $72.11 during the year 1964 to the Associated Hospital Service for hospital and medical insurance coverage for himself and the three children. Of that amount, $36.06 is attributable to petitioner's support of his three children. He also paid $16.50 to the American Management Association to provide health insurance coverage for the children during the last 2 months of that year. Of that amount, $5.50 is attributable to the support of each child. During,1964. petitioner exercised his visitation rights on approximately 48 weekends. He spent $200 on each child for gifts, dinners, entertainment, transportation, and other miscellaneous expenses during these visits. Petitioner paid premiums of $525.46 in 1964 on life insurance policies on his life. These policies named his children as beneficiaries. Petitioner was required to maintain the policies under the terms of the divorce decree. On May 5, 1964, petitioner paid a premium of $81.22 for fire insurance on the residence he and Edith owned jointly at 19 Webb Road in Westport. In the year 1964 the petitioner contributed the following amounts *292 for the support of his three children: Laura Lee
Marcy Rogers
Ernest Charles,Jr.
Cash
$1,307.37
$1,30 7.37
$1,307.36
Medical expenses
41.00
Medical insurance
17.52
17.52
17.52
Visitation and miscel- laneous expenses 200.00
200.00
200.00
$1,524.89
$1,524.89
$1,565.88
No more than the following amounts were spent for the total support of the three children during the year 1964: Laura Lee
Marcy Rogers
Ernest Charles,Jr.
Lodging
$1,350.00
$1,350.00
$1,350.00
Foo d
718.00
703.00
606.00
Clothing
333.23
271.23
205.50
Medical, dental and drugs
93.53
133.53
224.52
Medical insurance
43.19
43.19
43.19
Petitioner's miscel- laneous expenses
200.00
200.00
200.00
Laura Lee
Marcy Rogers
Ernest Charles,Jr.
Edith's miscellaneous expenses $ 210.00
$ 200.00
$ 200.00
$2,947.95
$2,900.95
$2,829.21
Petitioner furnished more than one-half of the total support of each of his three children, Laura Lee, Marcy Rogers, and Ernest Charles, Jr., during the year 1964. Opinion The only issue we must decide is whether the petitioner is entitled to the dependency exemptions *293 for his three children in the year 1964 under section 151(e), Internal Revenue Code of 1954. Section 152(a) defines the term "dependent" as meaning a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Thus petitioner has the burden of proving not only the amount he contributed toward each child's support, but also that it exceeded one-half of that child's total support in 1964. Aaron F. Vance, 36 T.C. 547 (1961). We think the petitioner has met his burden of proof with respect to each of his three children for the year 1964. We have determined that in 1964 the petitioner contributed $1,524.89 to the support of Laura Lee, $1,524.89 to the support of Marcy Rogers, and $1,565.88 to the support of Ernest Charles, Jr. In arriving at these amounts, we have not included petitioner's payments of life insurance and fire insurance premiums. Nor have we attributed any of the lodging provided for the children to petitioner's support payments under his theory that he had a fixed equity in the residence at 19 Webb Road in Westport. Petitioner contends *294 that each of these items should be included as part of his support payments. Since it is clear that petitioner provided over one-half of each child's support without their inclusion, we have not included them. Turning next to the total support of the three children, we find that the parties are in substantial disagreement only as to the amounts spent for clothing and food. Edith testified that she made many of the children's clothes. She also testified as to the quantity and quality of their clothes. In view of her testimony, we believe the cancelled checks to the various stores reflect purchases made for the children and Edith, rather than for the children alone. With respect to the food, respondent's requested 44 finding of fact is based on Edith's purchase of groceries for 1 week in 1965, as reflected by certain grocery receipts. Since Edith was then remarried and the children were a year older, we have no way of knowing whether the week of September 11-18, 1965, was representative of her grocery shopping during the entire year 1964. Consequently, we reject respondent's figure. We also reject petitioner's requested finding as to food spent for each child because it is based *295 on Department of Agriculture statistics for a low cost feed plan. [1] Therefore, using our best judgment, we have allowed, in addition to amounts spent in restaurants and for school lunches, an average of $11 per week for food for Laura Lee, $11 per week for Marcy Rogers and $10 per week for Ernest Charles, Jr. On this record we hold that petitioner provided over one-half of the support of each of the three children during the year 1964. He is therefore *296 entitled to the dependency exemptions claimed for each of them. Accordingly, Decision will be entered for the petitioner. Footnotes
1. Petitioner argues that the amounts expended for the children's food during the year 1964 should be based on the estimated cost per week for food under a "low-cost plan" released by the United States Department of Agriculture, Consumer and Food Economics Research Division. While we have rejected this requested finding as unrealistic under these circumstances, we point out that the amounts we have allowed for food are in excess of those estimated costs under a "liberal plan." For example, in April 1964, the "U.S.A.Average" under a "liberal plan" for children of relevant age groups were as follows: ↩ Individuals
Food Costs Per Week
Children 4-6
$ 6.90
Children 7-9
7.90
Children 10-12
9.60
Girls 13-15
10.10